XIN FENG LI, Petitioner,

v.

John ASHCROFT, Respondent.

Docket No. 03–4823.

United States Court of Appeals,
Second Circuit.

July 11, 2005.

Thomas V. Massucci, New York, NY, for
Petitioner.

Donna R. Eide, Assistant United States
Attorney, for Susan W. Brooks, United
States Attorney for the Southern District
of Indiana, Indianapolis, IN, for Respon-
dent.

PRESENT: MINER, CALABRESI,
Circuit Judges, and AMON, District
Judge.*

## SUMMARY ORDER

Xin Feng Li ("Li") petitions for review
of a decision of the EOIR, denying his
applications for asylum, withholding of re-
moval, and Convention Against Torture
("CAT") relief.[1] We assume that the par-
ties are familiar with the facts of Li's case,
the procedural history, and the scope of
the issues presented on appeal.

Li, a native and citizen of the People's
Republic of China ("China"), entered the
United States illegally sometime in Sep-
tember 1998. He was served with a No-

---

* The Honorable Carol Bagley Amon, United
States District Court for the Eastern District
of New York, sitting by designation.

1. On appeal, Li has not challenged the denial
of his CAT claim. We therefore do not ad-
dress this aspect of the EOIR's holding.

tice to Appear, and subsequently applied for asylum, withholding of removal, and relief under the Convention Against Torture. Li submitted an I–589 form, together with certain corroborative documents, in support of his claims.

A hearing on Li's claims was held on February 16, 2000. At that hearing, Li testified that his wife had been involuntarily sterilized, following the birth of the couple's second son. Li also testified that he had been beaten and detained in connection with an unrelated criminal investigation, shortly before his departure for the United States.

At the conclusion of the hearing, the Immigration Judge ("IJ") issued an oral decision, rejecting Li's asylum, withholding of removal, and CAT claims. *See Matter of Xin Feng Li,* No. A 77 224 357—New York (Imm. Judge Feb. 16, 2000) (*hereinafter "Matter of Li"*). Li then appealed to the Board of Immigration Appeals ("BIA"), which on April 8, 2003 summarily affirmed. *See Matter of Xin Feng Li,* No. A 77 224 357—New York (BIA Apr. 8, 2003). Li then filed a timely petition for review with our Court.

We review the factual findings of an immigration judge for substantial evidence. *See Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004). Thus, we will not reverse a factual finding made by an IJ unless "any reasonably adjudicator would be compelled to conclude to the contrary." *See id.* at 73 n. 7 (internal quotation marks omitted). We may vacate where the IJ has erred in his analysis, *see Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003), and where it is not evident that he would have reached the same result, absent the error, *see Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In the instant case, the IJ concluded as a factual matter that Li left China because of his beating and detention in connection with a criminal investigation, rather than because of his wife's sterilization. *See Matter of Li,* at 11. This factual finding is supported by substantial evidence. Li himself testified that he left China very shortly after his detention and beating, but nearly eight years after his wife's sterilization. While such testimony does not conclusively prove that Li left China because of his criminal difficulties, it is certainly sufficient to allow a reasonable adjudicator so to find.

Under the Immigration and Nationality Act ("INA"), an alien may qualify for asylum *only* if he "is unable or unwilling to return to ... [his country of origin] *because of* persecution or a well-founded fear of persecution...." *See* 8 U.S.C. § 1101(a)(42) (emphasis added). In view of the IJ's finding—that Li left China because of his criminal troubles, instead of his wife's sterilization—we cannot conclude that this requirement has been met.

We have considered each of Li's arguments in support of his claims for asylum and withholding of removal, and find all of them to be without merit. The petition for review and motion for stay of deportation are therefore DENIED.